JUDGE GARDEPHE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

ALEXANDER ROSARIO,

    Defendant.

- - - - - - - - - - - - - - - - - - x

11 CRIM 932

INDICTMENT

11 Cr. __

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: NOV 02 2011

### COUNT ONE

The Grand Jury charges:

1. From at least on or about March 4, 2010, up to and including at least on or about June 10, 2011, in the Southern District of New York and elsewhere, ALEXANDER ROSARIO, the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that ALEXANDER ROSARIO, the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

3. The controlled substance involved in the offense was 28 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack," in violation of Title 21, United

States Code, Section 841(b)(1)(B).

## OVERT ACTS

4. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

    a. On or about March 4, 2010, ALEXANDER ROSARIO, the defendant, sold "crack" cocaine to an undercover officer working for the New York City Police Department ("NYPD") in the vicinity of 826 Faile Street, Bronx, New York.

    b. On or about June 24, 2010, ALEXANDER ROSARIO, the defendant, sold "crack" cocaine to an undercover officer working for the NYPD in the vicinity of 828 Faile Street, Bronx, New York.

    c. On or about June 10, 2011, ALEXANDER ROSARIO, the defendant, transported "crack" cocaine in a livery cab in the vicinity of Hunts Point Avenue and Bruckner Boulevard in the Bronx, New York.

(Title 21, United States Code, Section 846.)

## COUNT TWO

The Grand Jury further charges:

5. On or about March 4, 2010, in the Southern District of New York, ALEXANDER ROSARIO, the defendant, intentionally and knowingly did distribute and possess with

intent to distribute a controlled substance, to wit, mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack."

    (Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(C); Title 18, United States Code, Section 2.)

### COUNT THREE

The Grand Jury further charges:

6. On or about June 24, 2010, in the Southern District of New York, ALEXANDER ROSARIO, the defendant, intentionally and knowingly did distribute and possess with intent to distribute a controlled substance, to wit, mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack."

    (Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(C); Title 18, United States Code, Section 2.)

### COUNT FOUR

The Grand Jury further charges:

7. On or about June 10, 2011, in the Southern District of New York, ALEXANDER ROSARIO, the defendant, intentionally and knowingly did distribute and possess with intent to distribute a controlled substance, to wit, mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack."

    (Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(C); Title 18, United States Code, Section 2.)

## FORFEITURE ALLEGATION

8.   As a result of committing one or more of the controlled substance offenses alleged in Counts One through Four of this Indictment, ALEXANDER ROSARIO, the defendant, shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of one or more of the offenses and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of one or more of the offenses alleged in Counts One through Four of this Indictment.

### Substitute Assets Provision

9.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a)   cannot be located upon the exercise of due diligence;

   b)   has been transferred or sold to, or deposited with, a third person;

   c)   has been placed beyond the jurisdiction of the Court;

   d)   has been substantially diminished in value; or

   e)   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Section 853.)

_____  
Foreperson  
11/2/11

_____  
PREET BHARARA  
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- v. -

ALEXANDER ROSARIO,

Defendant.

---

### INDICTMENT

11 Cr. ___

(Title 21, United States Code,
Sections 841(a)(1), 841(b)(1)(B) and
(C), and 846; Title 18, United States
Code, Section 2.)

PREET BHARARA
United States Attorney.

**A TRUE BILL**

_____
Foreperson

---

11/2/2011 - Filed Indictment. A/W Issued.
AJC      Case Assigned to Judge Gardephe.
                                    PECK
                                    USMJ